UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

KIM STROMSTEDT,

CIVIL CASE No.

**06** **4 2 7**

Plaintiff,

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

- against -

NEW HYDE PARK - GARDEN CITY PARK ★ ★COMPLAINT
UNION FREE SCHOOL DISTRICT, **JAN 3 1 2005**

BROOKLYN OFFICE **FEUERSTEIN, J.**
Defendant.

**BOYLE, M.J.**

-------------------------------------------------------------------X

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff KIM STROMSTEDT, by and through her undersigned counsel, as and for her

Amended Complaint in this action, hereby alleges as follows:

### NATURE OF THE CLAIMS

1.    This is an action for declaratory, injunctive and equitable relief, as well as monetary damages,

to redress Defendants' unlawful employment practices, including their unlawful

discrimination against Plaintiff, in violation of the Americans with Disabilities Act, as

amended, 42 U.S.C. §§ 12101 et seq. ("ADA"), and the New York State Human Rights Law,

New York Executive La w §§ 290 et seq. and other tortious conduct.

2.    Defendants' discriminatory and tortious conduct showed a knowing, reckless and/or willful

and malicious disregard for Plaintiff's rights. Defendants' unlawful conduct has caused and

continues to cause Plaintiff to suffer physical injuries, economic damages and severe mental

anguish and emotional distress which she has never before had to endure.

## JURISDICTION AND VENUE

3.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

5.    Plaintiff has complied with all statutory prerequisites to her ADA claims, having filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received notice of right to sue from the EEOC on or about November 3, 2005.

6.    Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

7.    Plaintiff Kim Stromstedt ("Stromstedt") resides in Nassau County, New York and, at all relevant times, Stromstedt met the definitions of an "employee" and a "qualified individual with a disability" under all applicable statutes.

8.    Defendant the New Hyde Park - Garden City Park Union Free School District (the "School District") is a with its headquarters at 1950 Hillside Avenue New Hyde Park, New York 11040 and, at all relevant times, Defendant has met the definition of an "employer" under all applicable statutes.

## FACTUAL ALLEGATIONS

9.    Plaintiff is a qualified individual with a disability, which substantially limits one or more of her major life activities. Her disability substantially limits, among other things, her major life

activities of walking, running, sitting and related physical activities; driving; and working.

10.     Notwithstanding her disability, Plaintiff was and is fully qualified to to perform the essential functions and duties of her job as a school teacher, with or without reasonable accommodation. Indeed, she had been employed by the defendant as a school teacher for a number of years prior to the discrimination alleged herein.

11.     However, in or about the Fall of 2004, the Plaintiff and her treating medical professionals notified the Defendant of certain substantial physical impairments of the Plaintiff which significantly restricted her ability to conduct her normal daily working activities. Among other things, the Plaintiff required that a Dorsal Column Simulator be implanted which limited her ability to lift heavy weights, kneel or stand for prolonged periods of time and walk long distances.

12.     Significantly, since in or about the Fall of 2004 and continuing to date the Defendant has and continues to discriminate against the Plaintiff in her employment in violation of, inter alia, Title I of the Americans with Disabilities Act (the "ADA") Section 102 which provides in pertinent part:

(a) General rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. (b) Construction. - As used in subsection (a) of this section, the term ``discriminate'' includes- (1) limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee; (2) participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's qualified applicant or employee with a disability to the discrimination prohibited by this subchapter (such relationship includes a relationship with an employment or referral agency, labor union, an

organization providing fringe benefits to an employee of the covered entity, or an organization providing training and apprenticeship programs); . . . . . . . (5) (A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; . . . . . .

Title I of the Americans with Disabilities Act (the "ADA") Section 101 also provides in pertinent part:

As used in this subchapter: . . . (9) Reasonable accommodation. - The term "reasonable accommodation" may include- (A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; . . . .

13.     In that regard, the Plaintiff, a teacher employed by the Defendant for a number of years prior to the onset of her disability (a clearly qualified individual), requested that certain reasonable accommodations in her employment be made to accommodate her physical limitations which were made known to the Defendant. The above referred to notices and requests were made to Joseph Rudaitis, the Superintendant of Schools employed by Defendant, and Diane Weiss, the Principal of the Manor Oaks-Wm. R. Bowie School employed by Defendant.

14.     More specifically, the accommodations requested included, but were not limited to, the modification or adjustment in the Plaintiffs existing work environment to enable her to continue to perform her essential job functions. Said requests included, but were not specifically limited to, modifying the existing bathroom facilities in the Plaintiffs workplace making them ADA compliant, assigning a teacher's aide to assist the Plaintiff in performing her normal daily activities which were limited as a result of her disability and modifying the Plaintiff's daily assignments so as to not require her to walk long distances on school trips

or perform extraordinary physical tasks.

15.     The specific modifications and adjustments in the Plaintiffs work environment and daily
        activities which were requested were neither a hardship or unduly burdensome. In fact, none
        of the requested modifications or accomodations requested required any significant degree
        of difficulty or expense. Moreover, in light of the financial and administrative resources of
        the Defendant, the modifications and accomodations requested were entirely reasonable.

16.     The Defendant, on various occasions, acknowledged the reasonable requests made by the
        Plaintiff and agreed to make the required modifications and accomodations. Despite the
        foregoing, the Defendant failed to make reasonable accommodations to make the existing
        facilities accessible and usable by the Plaintiff and others with disabilities.

17.     As a result, the Plaintiff has and continues to suffer great hardship in that she is unable to
        enjoy the privileges and benefits of employment equal to those of employees without
        disabilities. Among other things, the Plaintiff cannot enjoy or utilize the same public spaces
        as her colleauges such as the teacher's lounge or restrooms because the facilities have not
        been modified or adjusted to accommodate her disability or the disabilities of others.

18.     Likewise, the restroom and personal facilities which must be utilized by the Plaintiff are
        unreasonably far and in-accessible to the Plaintiff as a result of her disability. While the
        restroom facilities located near the Plaintiff's every day working environment could easily
        be modified to accommodate the Plaintiff's disability the Defendant has nevertheless failed
        to make such accommodations.

19.     The Defendant has also failed to accomadate the Plaintiff's disability by providing her with
        work assignments that, because of her disability, have caused her to suffer severe mental

anguish and emotional distress, including but not limited to depression, humiliation,
embarrassment, stress and anxiety, loss of self- esteem and self- confidence, and emotional
pain and suffering, including, but not limited to, requiring the Plaintiff attend field trips with
students requiring her to walk long distances and perform other physical tasks which are
difficult or impossible because of her disability.

20.     The Defendant's failure to make the reasonable accommodations requested not only violates
the ADA but has caused the Plaintiff to suffer significant injuries to her person in that the
proper and reasonable accommodations were not put into place as promised causing the
Plaintiff to injure herself and continue to place the Plaintiff at danger of further injuries to
her person. As a result, the Plaintiff has also, among other things, suffered damages in the
form of lost wages by virtue of missed time from her employment and significant pain,
suffering and mental anguish as a result of the above discrimination and the injuries she has
suffered.

21.     Due to the physical injuries suffered by the Plaintiff as a result of the Defendant's failure to
provide the reasonable accomodations requested, Plaintiff has been forced to undergo various
surgeries and corrective medical treatments, as well as to wear or otherwise use special aids
and medical equipment.

22.     As a result of Defendants' actions, Plaintiff  has suffered monetary and/or economic
damages, including but not limited to the loss of past and future income, compensation and
other  benefits.

23.     As a result of Defendants' actions, Plaintiff  has suffered severe mental anguish and
emotional distress, including but not limited to depression, humiliation, embarrassment,

stress and anxiety, loss of self- esteem and self- confidence, and emotional pain and suffering.

24.     Defendants' discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Brady's civil rights.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Discrimination and Harassment in Violation of ADA)

25.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 24, inclusive, as if fully set forth herein.

26.     Defendant has discriminated against Plaintiff in violation of the ADA by creating, fostering, condoning, accepting, ratifying and/or other wise failing to prevent or to remedy a hostile work as a result of their failure to make reasonable modifications to the public spaces in her work space thereby depriving the Plaintiff her right to enjoy or utilize the same public spaces as her colleagues such as the teacher's lounge or restrooms because the facilities have not been modified or adjusted to accommodate her disability or the disabilities of others and requiring her to perform physical tasks which were difficult or impossible as a result of her disability.

27.     As a direct and proximate result of Defendan's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits.

28.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish

and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and selfconfidence, and emotional pain and suffering.

29.     Defendant's unlawful and discriminatory actions constitute willful violations of the ADA for which Plaintiff is entitled to an award of punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Violation of the Duty of Reasonable Accommodation)

30.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 29, inclusive, as if fully set forth herein.

31.     Defendant violated its duty under the ADA to provide Plaintiff with reasonable accommodations when it failed to provide her the reasonable accomodations requested and agreed upon, including but not limited to those set forth above, based on her obvious and known disability.

32.     As a direct and proximate result of Defendant's violation of the duty of reasonable accommodation under the ADA, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages.

33.     Defendant's unlawful conduct constitutes a knowing, malicious, willful and wanton violation of the ADA for which Plaintiff is entitled to an award of punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Discrimination in Violation of New York State Human Rights Law)

34.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 33, inclusive, as if fully set forth herein.

35.   Defendants have discriminated against Plaintiff in violation of the New York State Human Rights Law by denying her equal terms and conditions of employment, including but not limited to, denying her the opportunity to enjoy and utilize the same public spaces as her colleauges because of her disability as a result of Defendant's failure to make reasonable accomodations to the Plaintiff's work environment and requiring her to perform physical tasks which were difficult or impossible as a result of her disability.

36.   Defendants have discriminated against Plaintiff in violation of the New York State Human Rights Law by creating, fostering, condoning, accepting, ratifying and/or other wise failing to prevent or to remedy a hostile work environment and harassing Plaintiff by denying her the opportunity to enjoy and utilize the same public spaces as her colleauges because of her disability as a result of Defendant's failure to make reasonable accomodations to the Plaintiff's work environment and requiring her to perform physical tasks which were difficult or impossible as a result of her disability.

37.   As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits.

38.   As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Negligent Hiring, Retention and Supervision)

39.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 38 inclusive, as if fully set forth herein.

40.     In hiring, training and supervising supervisory personnel Defendant has a duty to prevent such personnel from engaging in discriminatory and/or tortious conduct.

41.     Defendant negligently and/or recklessly breached its duty of care in hiring, training, retaining and supervising employees who acted in a discriminatory and/or tortious manner toward Plaintiff.

42.     Defendant knew or should have known that said employees would act and/or acted in a discriminatory and/or tortious manner toward Plaintiff, and failed to exercise adequate care to prevent and/or remedy such conduct by its supervisory personnel.

43.     As a direct and proximate result of Defendant's breach of its duty of care, Plaintiff has suffered and continues to suffer, monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits.

44.      As a direct and proximate result of Defendant's breach of its duty of care, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

45.     Defendant's negligence was reckless and in knowing disregard of its legal obligations to take steps to prevent such conduct under both federal and state law, for which Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

46.   Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 45,
      inclusive, as if fully set forth herein.

47.   Upon learning and/or perceiving that Plaintiff was disabled, Defendants began to harass and
      abuse Plaintiff by, among other things, refusing to make reasonable modifications to her
      existing work environment and requiring her to perform physical tasks which were difficult
      or impossible because of her disability.

48.   When Plaintiff persisted in her attempts to work as a teacher employed by the Defendant,
      Defendant responded by refusing to make reasonable modifications to her work environment
      and requiring her to perform physical tasks which were difficult or impossible because of her
      disability.

49.   Defendant's conduct and treatment of Plaintiff was extreme and outrageous so as to exceed
      the bounds of decency in a civilized society.

50.   By their actions and conduct, Defendants intended to and did intentionally or recklessly cause
      Plaintiff severe emotional distress.

51.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues
      to suffer severe emotional distress, for which she is entitled to an award of damages.

52.   Defendants' extreme and outrageous conduct was knowing, malicious, willful and wanton,
      entitling Plaintiff to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in its favor and against Defendants, containing the following relief:

A.   A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State of New York;

B.   An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.   An order directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment;

D.   An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

E.   An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for her severe mental anguish, depression humiliation, embarrassment and emotional distress;

F.   An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

G.   An award of punitive damages;

H.    An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable

attorneys' fees to the fullest extent permitted by law; and

I.    Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: January 20, 2006

FRIEDMAN KHAFIF & SANCHEZ

ANDREW FRIEDMAN (AF7122)
Attorneys for Plaintiff
16 Court Street, 26th Floor
Brooklyn, New York 11241
(718)797-2488

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

KIM STROMSTEDT,                                          CIVIL CASE No.


                              Plaintiff,


        - against -


NEW HYDE PARK - GARDEN CITY PARK
UNION FREE SCHOOL DISTRICT,

                              Defendant.

-----------------------------------------------------------------------X

## SUMMONS AND COMPLAINT


FRIEDMAN KHAFIF & SANCHEZ



_____
ANDREW FRIEDMAN (AF7122)
Attorneys for Plaintiff
16 Court Street, 26th Floor
Brooklyn, New York 11241
(718)797-2488